UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GUNVOR USA LLC and GUNVOR SA** | § § § | |
| v. | § § | C.A. NO. 4:19-CV-2522 |
| **VALERO MARKETING and SUPPLY COMPANY; VESSEL CO 8 PTE LTD; TORM A/S,** *in personam*, **and the TORM THUNDER, her engines, tackle, apparel Etc.,** *in rem* | § § § § § § § | IN ADMIRALTY 9(H) |
| v. | § § § | |
| **KM LIQUIDS TERMINALS LLC** | § | |

### DEFENDANT VALERO MARKETING AND SUPPLY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT, AND THIRD-PARTY COMPLAINT AND 14(C) TENDER AGAINST KM LIQUIDS TERMINALS LLC

Defendant / Third-Party Plaintiff Valero Marketing and Supply Company ("Valero"), through its attorneys, Blank Rome LLP, files this Answer and Affirmative Defenses to Plaintiffs', Gunvor USA LLC and Gunvor S.A. (collectively "Gunvor"), Original Complaint and a Third-Party Complaint against Third-Party Defendant KM Liquids Terminals LLC ("Kinder Morgan") pursuant to FED. R. CIV. P. RULE 14(a)(3) and a tender of Kinder Morgan directly to Gunvor pursuant to FED. R. CIV. P. RULE 14(c). Valero respectfully avers upon information and belief as follows:

### ANSWER TO GUNVOR'S ORIGINAL COMPLAINT

Valero responds to each individual paragraph of Gunvor's Original Complaint upon information and belief as follows:

1. Valero admits the allegations of Paragraph 1 that it sold approximately 300,000 barrels of Naphtha to Gunvor for loading onto the nominated vessel M/T TORM THUNDER, but otherwise denies the remaining allegations.

2. Valero admits the allegations in Paragraph 2.

3. Valero admits the allegations in Paragraph 3.

4. Valero admits the allegations in Paragraph 4.

5. Valero admits the allegations in Paragraph 5.

6. Valero admits the allegations in Paragraph 6.

7. The allegations in Paragraph 7 do not require a response from Valero.

8. The allegations in Paragraph 8 do not require a response from Valero.

9. The allegations in Paragraph 9 do not require a response from Valero.

10. Valero admits the allegations in Paragraph 10.

11. Valero admits the allegations in Paragraph 11.

12. Valero admits the allegations in Paragraph 12.

13. Valero admits the allegations in Paragraph 13.

14. Valero admits the allegations in Paragraph 14.

15. Valero admits the allegations in Paragraph 15.

16. Valero admits the allegations in Paragraph 16.

17. Valero admits the allegations in Paragraph 17.

18. Valero admits that Naphtha was loaded from shore tanks #100-16 and #100-17, but otherwise denies allegations in Paragraph 18.

19. Valero lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 19 and therefore denies the allegations contained therein.

20. Valero admits that Naphtha from two sets of barges was loaded from the Kinder Morgan Galena Park #2 barge dock to the #2 ship dock utilizing the 8-D loop line, but otherwise denies the allegations in Paragraph 20.

21. Valero lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 21 and therefore denies the allegations contained therein.

22. Valero admits the allegations contained in Paragraph 22.

23. Valero lacks sufficient knowledge or information to a belief about the truth of the allegations contained in Paragraph 23 and therefore denies the allegations contained therein.

24. Valero admits that loading from the shore tanks commenced at 2345 hours on September 13, 2018, but otherwise denies the allegations contained in Paragraph 24.

25. Valero admits the allegations contained in Paragraph 25.

26. Valero admits that the first set of barges were EMS 309 and EMS 3012, but denies the remaining allegations contained in paragraph 26.

27. Valero admits the allegations contained in Paragraph 27.

28. Valero admits that discharging from barges EMS 309 and EMS 3012 was completed at 1040 hours on September 15, 2018, but denies the remaining allegations contained in Paragraph 28.

29. Valero admits that loading from shore tank #100-17 was completed at 1230 hours on September 15, 2018, but otherwise denies the allegations in Paragraph 29.

30. Valero admits that the second set of barges were HTCO 3072 and HTCO 3106, but otherwise denies the remaining allegations in Paragraph 30.

31. Valero admits the allegations contained in Paragraph 31.

32. Valero admits that discharging from the HTCO barges was completed at 1115 hours on September 16, 2018, but otherwise denies the allegations contained in Paragraph 32.

33. Valero admits the allegations contained in Paragraph 33.

34. Valero admits the allegations contained in the first two sentences of Paragraph 34, but otherwise is without sufficient information to admit or deny the remaining allegations. To the extent a response is required those allegations are denied.

35. Valero denies that it provided product that did not meet specifications, and otherwise denies the allegations contained in Paragraph 35.

36. In response to Paragraph 36 of the Original Complaint, Valero repeats and re-alleges its answers to each preceding Paragraph in the Original Complaint as if fully set forth herein.

37. Valero admits the allegations contained in Paragraph 37.

38. Valero denies the allegations contained in Paragraph 38.

39. Valero denies the allegations contained in Paragraph 39.

40. Valero denies the allegations contained in Paragraph 40.

41. Valero denies the allegations contained in Paragraph 41.

42. Valero denies the allegations contained in Paragraph 42.

43. Valero denies the allegations contained in Paragraph 43.

44. In response to Paragraph 44 of the Original Complaint, Valero repeats and re-alleges its answers to each preceding Paragraph in the Original Complaint as if fully set forth herein.

45. The allegations contained in Paragraph 45 do not require a response from Valero.

46. The allegations contained in Paragraph 46 do not require a response from Valero.

141517.06501/121341390v.2

47. The allegations contained in Paragraph 47 do not require a response from Valero. To the extent a response is required, Valero denies that it provided off-spec cargo.

48. The allegations contained in Paragraph 48 do not require a response from Valero.

49. The allegations contained in Paragraph 49 do not require a response from Valero, but to the extent a response is required, denied.

50. The allegations contained in Paragraph 50 do not require a response from Valero, but to the extent a response is required, denied as to Plaintiffs' damages.

51. The allegations contained in Paragraph 51 do not require a response from Valero.

52. In response to Paragraph 52 of the Original Complaint, Valero repeats and re-alleges its answer to each preceding Paragraph in the Original Complaint as if fully set forth herein.

53. The allegations contained in Paragraph 53 do not require a response from Valero. To the extent a response is required, Valero denies that it provided off-spec cargo.

54. The allegations contained in Paragraph 54 do not require a response from Valero.

55. The allegations contained in Paragraph 55 do not require a response from Valero, but to the extent a response is required, denied as to Plaintiffs' damages.

56. In response to Paragraph 56 of the Original Complaint, Valero repeats and re-alleges its answer to each preceding Paragraph in the Original Complaint as if fully set forth herein.

57. The allegations contained in Paragraph 57 do not require a response from Valero.

58. The allegations contained in Paragraph 58 do not require a response from Valero.

59. The allegations contained in Paragraph 59 do not require a response from Valero.

60. The allegations contained in Paragraph 60 do not require a response from Valero, but to the extent a response is required, denied as to Plaintiffs' damages.

61. The allegations contained in Paragraph 61 do not require a response from Valero.

141517.06501/121341390v.2

62. Valero denies the allegations contained in Paragraph 62.

63. Valero denies the allegations contained in Paragraph 63.

64. Valero denies the allegations contained in Paragraph 64.

65. Valero denies the allegations and claim for damages contained within the un-numbered "Prayer" paragraph and subsets (a-e).

## First Affirmative Defense

Gunvor's Original Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Valero incorporates by response herein the content of Paragraphs 1 through 65 above, as well as its Third-Party Complaint below in support of this affirmative defense. The contract between Valero and Gunvor provides that the shore tank sample governs quality claims and the shore tanks samples were on specification.

## Second Affirmative Defense

Valero denies that Gunvor is entitled to any relief against it, whether as prayed for or otherwise.

## Third Affirmative Defense

If Gunvor was damaged, which damages are not admitted but expressly denied, then such damages were caused by the sole or comparative negligence or other legal fault of Gunvor or third parties for whom Valero is not responsible.

## Fourth Affirmative Defense

If Gunvor was damaged, which damages are not admitted but expressly denied, then the acts or omissions of third parties for whom Valero is not responsible were the legal, sole, proximate, intervening, superseding and/or new and independent cause of the damages alleged, if any.

**Fifth Affirmative Defense**

If Gunvor was damaged, which damages are not admitted but expressly denied, then such damages were caused by and/or arose as a result of the unseaworthiness and/or other defective conditions of the M/T TORM THUNDER, in whole or in part, for which Valero is not responsible.

**Sixth Affirmative Defense**

If Gunvor was damaged, which damages are not admitted but expressly denied, then Gunvor has failed to mitigate its damages, and they should be barred or reduced accordingly.

**Seventh Affirmative Defense**

Valero pleads as a defense the terms and conditions as set forth in the sales contract at issue between Valero and Gunvor dated September 7, 2018 and bearing Valero Sales Contract Confirmation Nos. 2474923 and 2474935 (the "Valero Contract"), which in turn incorporates Valero's "*General Terms and Conditions For Petroleum Product Purchases and Sales, 2014 Edition*" ("Valero GT&Cs") and Valero's "*Marine Provisions, 2017 Edition*," ("Valero Marine Provisions"), all of which are incorporated herein verbatim. Valero specifically invokes as an affirmative defense the warranties, notice provisions, waivers, limitations of liabilities, quality claim provisions and liquidated damages / limitation clauses set forth in the Valero Contract, Valero GT&Cs, and Valero Marine Provisions.

**Eighth Affirmative Defense**

Gunvor's damages are barred by release, contractual limitation, estoppel and/or waiver.

**Ninth Affirmative Defense**

If Gunvor was damaged, which damages are not admitted but expressly denied, then such damages are barred by the doctrine of laches and/or all applicable statutes of limitations.

7

**Tenth Affirmative Defense**

Gunvor was responsible for the line and line up operation (and thus for the movement of the product from barge to vessel and from shore tank to vessel) because the cargo was delivered to the Vessel pursuant to Incoterm DAP.

**THIRD-PARTY COMPLAINT AND RULE 14(C) TENDER
AGAINST KM LIQUIDS TERMINALS LLC AND
CROSS-CLAIM AGAINST TORM A/S, VESSELCO 8 PTE LTD, AND THE VESSEL
TORM THUNDER**

Valero Marketing and Supply Company ("Valero"), now as Defendant/Third-Party Plaintiff, without waving any rights, defenses or affirmative defenses, brings the following Third-Party Complaint (the "Third-Party Complaint") and Fed. R. Civ. P. Rule 14(c) tender against Third-Party Defendant KM Liquids Terminals LLC ("Kinder Morgan"), and Cross-claims against Torm A/S, Vesselco 8 PTE Ltd., and the vessel TORM THUNDER, and alleges upon information and belief as follows:

**I.    Jurisdiction and Venue**

**1.**    This is a case of Admiralty and Maritime Jurisdiction under 28 U.S.C. §1333 and an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

**2.**    Supplemental Jurisdiction for this Third-Party Complaint also exists under 28 U.S.C. § 1367 because this Third-Party Complaint against Kinder Morgan is also related to the claims asserted in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**3.**    Venue is proper pursuant to 28 U.S.C. § 1391.

8

## II. The Parties

4. Valero is a Delaware Company with its principal place of business in San Antonio, Texas.

5. Kinder Morgan is, upon information and belief, a business entity with its principal place of business in Houston, Texas.

6. Gunvor USA LLC is, upon information and belief, a company organized under the laws of Delaware with its principal place of business in Houston, Texas

7. Gunvor S.A. is, upon information and belief, a foreign business entity with its principal place of business in Switzerland.

8. The M/T TORM THUNDER ("Vessel") is upon information and belief a Vessel owned, operated and/or otherwise controlled by Vesselco 8 PTE Ltd.

9. Torm A/S ("Torm") is a foreign business entity with its principal place of business in Denmark.

10. Vesselco 8 PTE Ltd. is the registered owner of the vessel TORM THUNDER and has its principal place of business in Denmark.

## III. Factual Background

11. Valero is, among other things, engaged in the business of selling and distributing oil products and other related commodities.

12. Valero and Kinder Morgan entered into a Terminal Service Agreement[1] (the "Agreement") whereby Kinder Morgan agreed to provide for the unloading, loading, and storage of Valero's commodities. Additionally, Kinder Morgan specifically agreed to handle the commodities into and out of the storage tanks and to provide facilities necessary to perform such

---

[1] Exhibit A (Terminal Service Agreement).

9

handling. As such, once a particular commodity was received at the appropriate Kinder Morgan flange, Kinder Morgan "…shall be responsible for and have care, custody and control" of the commodity.

13. In September 2018, Valero entered into an agreement to sell to Gunvor approximately 300,000 barrels of Naphtha. This was broken into two parcels for delivery to the nominated vessel M/T TORM THUNDER. Specifically, under confirmation for Trade Number 2474923, dated September 11, 2018, the total quantity was 200,000 barrels min/max, and under the confirmation for Trade Number 2474935, the total quantity was 100,000 barrels +/- 10% Sellers Option.

14. The Naphtha was to be delivered at Kinder Morgan Galena Park to the M/T TORM THUNDER on or about September 12, 2018.

15. Specifically, 200,000 barrels of Naphtha was stored in Valero tanks (#100-16 and #100-17) at Kinder Morgan Galena Park. The product in Valero tanks #100-16 and #100-17 tested on-spec prior to loading.

16. Additionally, approximately 100,000 barrels of Naphtha was to be provided by Valero from two sets of barges, EMS 309/3012 and HTCO 3072/3106. The product from these four barges also tested on-spec prior to loading.

17. The Naphtha was delivered to the M/T TORM THUNDER on or about September 13-16 at Kinder Morgan Galena Park by way of transfers from shore tanks and the above-mentioned barges.

18. Gunvor has claimed in its Original Complaint at Paragraph 35 as follows:

> *The cargo samples taken from the KM Galena Park terminal lines indicated non-conforming product. Additionally and alternatively, the cargo samples taken after loading aboard the vessel did not meet specifications.*

10

19. Valero was without fault in causing and/or contributing to the damages asserted in Gunvor's Original Complaint. The contamination of the Naphtha was legally caused solely by the acts, omissions, or other conduct of Kinder Morgan, and/or Torm A/S, and/or Vesselco 8 PTE Ltd., and/or the vessel TORM THUNDER, or by its breaches of the applicable contracts with Valero and/or negligent acts or failures to act. The source of all damages, costs, and expenses incurred by Gunvor are Kinder Morgan's and/or Torm A/S's, and/or Vesselco 8 PTE Ltd.'s and/or the vessel TORM THUNDER's negligent acts or omissions in allowing contamination to be injected into the pre-loading on-spec Naphtha, which resulted in the loaded Naphtha becoming off-spec.

## IV. First Cause of Action – Breach of Contract

20. Valero repeats and reasserts each and every allegation set forth above in the Third-Party Complaint Paragraphs 1 through 17 as if fully set forth herein.

21. Valero and Kinder Morgan were parties to the Agreement for the unloading, loading, and storage of Valero's commodities. By virtue of its contract with Valero, Kinder Morgan agreed to provide and was required to handle the commodities into and out of the storage tanks and to provide facilities necessary to perform such handling. As such, once the particular commodity was received at the appropriate Kinder Morgan flange, Kinder Morgan "…shall be responsible for and have care, custody and control."

22. Valero performed all of the obligations required of it under the Agreement at issue between Valero and Kinder Morgan with respect to the commodities at issue.

23. However, Kinder Morgan, unbeknownst to Valero, allowed negligent handling and/or contamination of the Naphtha to occur in breach of the Agreement between Valero and Kinder Morgan.

11

24. The foregoing acts or failures to act as contracted by Kinder Morgan proximately caused significant damages and loss to Valero. Valero hereby seeks recovery of all damages, costs, expenses, interest, and attorneys' fees that have been or may be incurred as a result of Kinder Morgan's contractual breaches.

25. To the extent Valero may be held liable to Gunvor and/or other third parties, whether by judgment or settlement, Valero is entitled to indemnity and/or contribution from Third-Party defendant Kinder Morgan including recovery of attorneys' fees and costs incurred in defending against such claims.

V.     **Second Cause of Action – Negligence**

26. Valero repeats and reasserts each and every allegation set forth above in the Third-Party Complaint Paragraphs 1 through 23 as if fully set forth herein.

27. Kinder Morgan's handling, transferring and delivery of Naphtha from Valero's storage tanks and chartered barges to the M/T TORM THUNDER, which allowed for pre-loading on-spec Naphtha to become out of specification, unsuitable, substandard, defective, and/or contaminated constitutes negligence. Kinder Morgan owed a duty to Valero to act non-negligently by providing reasonable care in unloading, handling, transferring and loading of on-spec Naphtha, and to ensure the unloading, handling, transferring and loading was not defective, and did not contaminate the Naphtha. Kinder Morgan's failure to do so was negligent and the breach of its duty proximately caused damages to Valero and, in turn, Gunvor and the M/T TORM THUNDER.

28. Valero seeks recovery of all damages, costs, and expenses that have been or may be incurred as a result of Kinder Morgan's negligent conduct as outlined above.

29. To the extent Valero may be held liable to Gunvor and/or other third parties, whether by judgment or settlement, Valero is entitled to indemnity and/or contribution from

Kinder Morgan including recovery of attorneys' fees and costs incurred in defending against such claims.

30.     Torm A/S, and/or Vesselco 8 PTE Ltd., and/or the vessel TORM THUNDER's handling, transferring and storing of Naphtha from Valero's storage tanks and chartered barges to the M/T TORM THUNDER, which allowed for pre-loading on-spec Naphtha to become out of specification, unsuitable, substandard, defective, and/or contaminated constitutes negligence. Torm A/S, and/or Vesselco 8 PTE Ltd., and/or the vessel TORM THUNDER owed a duty to Valero to act non-negligently by providing reasonable care in handling, transferring and storing of on-spec Naphtha, and to ensure the handling, transferring, loading and storage was not defective, and did not contaminate the Naphtha.  Torm A/S, and/or Vesselco 8 PTE Ltd., and/or the vessel TORM THUNDER's failure to do so was negligent and the breach of its duty proximately caused damages to Valero and, in turn, Gunvor.

**VI.     Third Cause of Action – Breach of Express and Implied Warranties**

31.     Valero repeats and reasserts each and every allegation set forth above in the Third-Party Complaint Paragraphs 1 through 27 as if fully set forth herein.

32.     Valero purchased services and the use of facilities from Kinder Morgan in exchange for certain express and implied warranties and representations with respect to the handling of the commodities while in Kinder Morgan's care, custody and/or control. The representations and warranties were part of the benefit of the bargain as set forth in the Valero and Kinder Morgan Agreement referenced above. The Naphtha was off-spec after unloading, handling, transferring and loading by Kinder Morgan, which did not comply with the representations and warranties agreed to by Kinder Morgan, and Valero has since suffered damages and loss as a result of the breach of warranties.

33. The alleged contamination was caused in whole or in part by the acts, omissions, fault, negligence, want of due care, failure to warn, improper line clearing, improper handling and/or breach of warranty of Third-Party Defendant Kinder Morgan including, but not limited to, its failure to exercise due care in the unloading, handling, transferring and loading of the Naphtha to the TORM THUNDER.

34. As a direct and proximate result of Third-Party Kinder Morgan's breach of the aforesaid representations and warranties, it is jointly and severally liable to Gunvor for all of its alleged losses and damages.

35. Any loss and/or damage to Gunvor and the M/T TORM THUNDER was due to the breach of warranties by Kinder Morgan, who should be held directly liable to Gunvor.

36. To the extent Valero may be held liable to Gunvor and/or other third parties, whether by judgment or settlement, Valero is entitled to indemnity and/or contribution from Kinder Morgan including recovery of attorneys' fees and costs incurred in defending against such claims.

### VII.   Fourth Cause of Action – Contractual Indemnity

37. Valero repeats and reasserts each and every allegation set forth above in the Third-Party Complaint Paragraphs 1 through 36 as if fully set forth herein.

38. Valero provided on-spec Naphtha at the shore tank and barge flange connections into Kinder Morgan Galena Park.

39. Valero did not contaminate the Naphtha in any way, did not cause or have knowledge of any adulteration or contamination, and Valero at all times stored and handled the Naphtha in the manner necessary to maintain its on-spec condition for sale.

14

40. Gunvor filed the above-captioned lawsuit against Valero on July 12, 2019 in the United States District Court for the Southern District of Texas. A copy of Gunvor's Original Complaint is incorporated herein by reference.

41. Gunvor's lawsuit alleges, among other things, that Gunvor was injured by the Naphtha it purchased from Valero, which was delivered by Kinder Morgan to Gunvor in an off-spec condition, despite being on-spec from the shore tanks and barges, causing injury, which resulted in Plaintiffs allegedly sustaining damages, including but not limited to, the costs of replacement cargo, increased ocean freight charges, costs of the mitigation of the damaged cargo, increased demurrage, increased bunker consumption and increased inspection and analysis costs. See Gunvor's Original Complaint paragraphs 42-43.

42. Valero's liability to Gunvor, if any, was solely due to the contaminated nature of the Naphtha, while the Naphtha was in the care, custody and/or control of Kinder Morgan. Valero was not and is not independently culpable for the defects in the Naphtha.

43. Valero has or will suffer damages and loss as a result of Kinder Morgan's negligent unloading, handling, transferring and loading of the Naphtha which contaminated the Naphtha, including damages and losses stemming from the above-captioned action asserted by Gunvor against Valero.

44. Based on these facts, pursuant to Paragraphs 9(b) and 10 of the Agreement between Valero and Kinder Morgan, Valero is entitled to indemnity as against Kinder Morgan for "all claims, demands, losses, fines, penalties, expenses (including reasonable attorney fees) costs, suits and liabilities (collectively "Claims") to the extent caused by or resulting from negligent or intentional wrongful acts or omissions on the part of Kinder Morgan." Valero has incurred and will incur such in defending against the underlying action asserted against Valero by Gunvor.

141517.06501/121341390v.2

45.     Valero has demanded defense and indemnity from Kinder Morgan. Kinder Morgan has ignored or refused to provide Valero with a defense or with indemnity. Therefore, Kinder Morgan breached its contractual duty to indemnify Valero against the loss that Valero incurred in the underlying action.

46.     Valero is entitled to indemnity from Kinder Morgan, and for its expenses incurred in defending the action brought by Gunvor in the above-captioned matter, pursuant to the Agreement.

## VIII. Rule 14(c) Tender of Third-Party Defendant to Plaintiff

47.     Valero invokes the provisions of FED. R. CIV. P. RULE 14(c) and tenders Kinder Morgan as a direct defendant to Plaintiff Gunvor because Kinder Morgan is wholly liable to Gunvor for negligence, contribution or otherwise on account of the same transaction and occurrence or series of transactions and occurrences in this matter.  Valero accordingly demands judgment in Plaintiff Gunvor's favor against Kinder Morgan. Pursuant to Rule 14(c)(1-2), Kinder Morgan must respond to Gunvor's Original Complaint and defend against Gunvor's claims, and this action shall proceed as if Gunvor had sued Kinder Morgan directly.

## PRAYER

**WHEREFORE**, the premises considered, Valero Marketing and Supply Company requests that the Court enter an order or judgment finding:

**(1) _On Valero's Answer to Gunvor's Original Complaint_:** That Valero's Answer to Gunvor's Original Complaint be deemed good and sufficient and, that after due proceedings be had, there be judgment in favor of Valero dismissing Gunvor's claim, at Gunvor's cost, and that Valero be granted such other and further relief as equity and justice of the cause may require and permit, including attorney's fees and costs.

16

**(2)** *<u>On Valero's Original Third-Party Complaint Against KM Liquids Terminals LLC</u>*:

That judgment be entered in favor of Valero on its Third-Party Complaint against KM Liquids Terminals LLC and award damages to Valero in the amount to be determined at trial, plus pre-judgment interest, attorney's fees and costs, and for such other and further relief as equity and justice of the cause may require and permit.

**(3)** *<u>On Valero's Cross-claims against Torm A/S, and/or Vesselco 8 PTE Ltd., and/or the vessel TORM THUNDER</u>*:

That judgment be entered in favor of Valero on its Cross-claims against Torm A/S, and/or Vesselco 8 PTE Ltd., and/or the vessel TORM THUNDER and award damages to Valero in the amount to be determined at trial, plus pre-judgment interest, attorney's fees and costs, and for such other and further relief as equity and justice of the cause may require and permit.

Houston, Texas

August 7, 2019

Respectfully submitted,

BLANK ROME LLP

*/s/ Keith B. Letourneau*
Keith B. Letourneau (Attorney-in-charge)
State Bar No. 00795893
Federal I.D. No. 20041
Jay T. Huffman
State Bar No. 24059980
Federal I.D. No. 870092
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile:  (713) 228-6605
Email: kletourneau@blankrome.com
Email: jhuffman@blankrome.com

*Attorneys for Valero Marketing and Supply Company*

17

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 7th day of August, 2019, I caused the foregoing to be electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                                           */s/ Jay T. Huffman*
                                           Jay T. Huffman

141517.06501/121341390v.2